UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christopher James France, | ) |
|                 Appellant, | ) Civil Action No. 2:20-cv-4199-BHH |
| v. | ) **ORDER** |
| United States Trustee, | ) |
|                 Appellee. | ) |

This matter is before the Court on the *pro se* appeal of two orders entered by United States Bankruptcy Judge David R. Duncan in Appellant Christopher James France's ("Appellant") Chapter 7 bankruptcy case in the United States Bankruptcy Court the District of South Carolina. *See In re Christopher James France, Debtor*, C/A No. 20-03044-dd (D.S.C.). In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e) for the District of South Carolina, these matters was referred to a United States Magistrate Judge for preliminary review.

On January 27, 2022, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court consider Appellant's notice of appeal to be a motion for leave to appeal and deny it, or, alternatively, recommending that the Court affirm the Bankruptcy Court's orders filed November 20, 2020, and December 3, 2020, should the Court grant Appellant leave to appeal. (*See* ECF No. 25.) Attached to the Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 25) and incorporates it herein, and the Court considers Appellant's notice of appeal to be a motion for leave to appeal, which the Court denies. Furthermore, the Court notes that it agrees with the Magistrate Judge that even if the Court were to reach the merits of Appellant's appeal, the Bankruptcy Court's orders filed November 20, 2020, and December 3, 2020, should be affirmed in full.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 17, 2022
Charleston, South Carolina